UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CYNTHIA MARIE GREER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 3:24-CV-795-CCB-SJF |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Cynthia Marie Greer's ("Greer") appeal of the Social Security Administration's Decision dated August 11, 2023 (the "Decision") which found that Greer was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be remanded.

## ANALYSIS

**A. Standard of Review**

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means

"evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. But that review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and allow the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

2

B. **Procedural Background**

Greer filed an application for benefits on June 9, 2021, alleging disability beginning on March 5, 2020. The claim was denied initially on September 9, 2021, and upon reconsideration on July 20, 2022. On May 25, 2023, the parties participated in a telephone hearing before an ALJ. The ALJ issued an unfavorable decision on August 11, 2023. (R. 10–22).

C. **The ALJ's Decision**

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). If a claimant's application is denied initially and upon reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively

3

disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). An answer in the affirmative in steps one through four stops the inquiry and the claimant is found to be not disabled. If steps one through four are answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Greer had not engaged in substantial gainful activity since March 5, 2020, the alleged onset date. (R. 12). At step two, the ALJ determined that Greer had the following medically determinable severe impairments: neuropathy of the bilateral lower extremities; chronic obstructive pulmonary disease ("COPD"); asthma; obstructive sleep apnea; degenerative disc disease of the cervical, thoracic, and lumbar spine; diverticulitis; and fibromyalgia. (R. 12). The ALJ determined that these impairments significantly limited Greer's ability to perform basic work activities. (R. 13). The ALJ also determined that Greer had the following non-severe mental impairments: panic disorder, depression, and anxiety. (*Id.*)

At step three the ALJ found that Greer did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, and 404.1526)." (R. 14). At step four, the ALJ found that Greer had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: She can occasionally climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. She can occasionally balance, stoop (defined as bending at

4

>the waist), kneel, crouch (defined as bending at the knees), and crawl. She
>is to avoid concentrated exposure to humidity, concentrated dust, odors,
>fumes, and other pulmonary irritants.

(R. 15). Also at step four, the ALJ found that Greer could perform past relevant work as a teacher's aide, hostess, dining room attendant, and cashier. (R. 20). Because Greer's RFC permitted her to perform past relevant work, the ALJ bypassed step five and determined that Greer was not disabled as defined in the Social Security Act. (R. 22).

### D. Issues On Appeal

Greer requests remand to the Agency on the grounds that the ALJ erred by rejecting the medical opinion of consultative examiner Dr. Raghavendra Rao. Greer claims that the ALJ failed to sufficiently develop the record because she discounted Dr. Rao's opinion due to its lack of particular details without contacting Dr. Rao to clarify those details. Greer also claims that the ALJ erred by not properly evaluating the supportability and consistency of Dr. Rao's opinion. The Court will address each contention in turn.

#### 1. The ALJ's Failure to Recontact Dr. Rao

First, Greer objects that the ALJ discounted Dr. Rao's opinion because Dr. Rao failed to clearly explain his opinion of Greer's limitations. Greer contends that the ALJ had a duty to develop the record by recontacting Dr. Rao and requesting clarification on the elements of Dr. Rao's opinion that the ALJ found vague. Due to this failure to fully develop the record, Greer argues that remand is required. The Court agrees.

An ALJ "in a social security hearing has a basic obligation to develop a full and fair record." *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997). To that end, if a

5

consultative examiner's report is "inadequate or incomplete," the ALJ must "contact the medical source who performed the consultative examination" and "ask that the medical source furnish the missing information or prepare a revised report." 20 C.F.R. § 404.1519p(b). In cases where an examiner does "not provide any specific limitations or explain the rationale for his conclusions," the ALJ has a "regulatory duty" to "follow[] up with the doctor." *Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *5 (7th Cir. Mar. 15, 2023) (unpublished decision).[1] When the ALJ does not follow up, the record is not full and fair, and good cause exists "to remand for gathering of additional evidence." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).

Here, Dr. Rao opined that Greer had "moderate" limitations in walking, lifting, carrying, and bending, but failed to provide an explanation of those limitations. (R. 3183). The ALJ found Dr. Rao's opinion of Greer's physical limitations unpersuasive because "it was vague as to what the doctor considers 'moderate limitations' since he provided no metrics to that type of limitation." (R. 19). After the ALJ determined that the lack of metrics rendered Dr. Rao's opinion vague, she had a duty to recontact Dr. Rao and request those metrics to develop a full and fair record. But the ALJ never followed up with Dr. Rao, and a full and fair record was never developed.

The Commissioner attempts to distinguish this case from two cases cited by Greer, claiming that in Greer's cases the ALJ found an examiner's opinion too vague to evaluate at all. *See Robert D. v. Kijakazi*, No. 22 C 3714, 2023 WL 4825678, at *2 (N.D. Ill.

---

[1] This decision is an unpublished order and thus does not bind this Court, *see* 7th Cir. R. 32.1(b), but the Court may take it as persuasive authority.

Jul. 27, 2023) (remanding a Social Security appeal because the ALJ rejected an examiner's opinion as "somewhat vague" and failed to recontact the examiner); *Reginald H. v. O'Malley*, No. 24 C 3827, 2024 WL 4555409, at *3 (N.D. Ill. Oct. 23, 2024) (remanding a Social Security appeal because the ALJ rejected an examiner's opinion as "vague" and failed to recontact the examiner). This argument fails. In both *Robert D.* and *Reginald H.*, the ALJ discounted an examiner's opinion because it was vague as to limitations, but failed to request clarification, and in both cases the district court remanded for further development of the record. These facts mirror our facts here.

The Commissioner also argues that the ALJ did not need to recontact Dr. Rao because the ALJ had sufficient information to make an RFC determination without Dr. Rao's opinion. In support, he points out that the ALJ was "under no obligation to re-contact" Dr. Rao if she found "sufficient evidence upon which to make" her RFC assessment without clarifying Dr. Rao's opinion. *Gase v. Comm'r of Soc. Sec.*, No. 1:23 C 00295, 2024 WL 3565473, at *5 (N.D. Ind. July 25, 2024). But when ALJs "reject[] or discount[]" the opinions of doctors who examine patients on behalf of the agency, they must provide a "good explanation" for their decision. *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014). *See also Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013) (finding that a doctor examining a patient on behalf of the agency is "unlikely . . . to exaggerate an applicant's disability"). Additionally, ALJs will generally "give more weight to the opinion of a source" who examined the patient than "the opinion of a source who has not" examined the patient. 20 C.F.R. § 416.927(c)(1). In this case, the ALJ discounted the opinion of Dr. Rao, the consultative examiner, without recontacting Dr. Rao for

7

clarification, but credited the opinion of Dr. Corcoran, who assessed Greer's medical record but did not examine her, because it was "consistent with the overall record." (R. 18, 614). "Improperly assessing a treater's opinion is enough to require reversal." *Cieszynski v. Kijakazi*, No. 22-2024, 2023 WL 2523499, at *4 (7th Cir. Mar. 15, 2023) (citing *Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015)) (unpublished decision). While it is not the Court's role to reweigh the evidence, the Commissioner provides no good reason why the ALJ failed to recontact Dr. Rao for clarification and instead credited the opinion of Dr. Corcoran, a medical consultant who never actually examined Greer.

The Commissioner claims that the ALJ never found that the case record was insufficient. In fact, that is precisely what the ALJ found when she determined that Dr. Rao's opinion was vague without the missing metrics. The Commissioner argues that Greer failed to meet her burden of showing that the ALJ's error was harmful, but the Court cannot assess the harmfulness of the ALJ's error on an incomplete record. An error is harmless if this Court can "predict with great confidence what the result of the remand will be." *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022). Without the missing information from Dr. Rao, the Court cannot confidently predict what the result of this case will be on remand. Thus, remand is required on this issue.

### 2. The ALJ's Analysis of Dr. Rao's Supportability and Consistency

Greer also argues that the ALJ failed to appropriately analyze the supportability and consistency of Dr. Rao's opinion. The ALJ found that Dr. Rao's opinion was both "internally inconsistent" and "not consistent with the overall record." (R. 19). Greer

8

argues that the ALJ made an error of law when she discounted Dr. Rao's opinion for lack of consistency. The Court is unpersuaded.

The most important factors ALJs consider when assessing the persuasiveness of a medical source are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). Supportability is the degree to which "objective medical evidence and supporting explanations" support the opinion of the medical source. 20 C.F.R. § 404.1520c(c)(1). Consistency is the degree to which the medical opinion is consistent with "evidence from other medical sources." 20 C.F.R. § 404.1520c(c)(2). The ALJ must articulate how she "considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. § 404.1520c(b)(2). But social security ALJs face an "extraordinary" case load and are thus "subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024).

Here, the ALJ found that Dr. Rao's opinion was internally inconsistent and inconsistent with the medical record. (R. 19). Greer contends that the weight of the evidence supports a finding of consistency. But the Court will not "reweigh evidence, resolve conflicts, [or] decide questions of credibility." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). As long as an ALJ grounds her findings in evidence that a "reasonable mind might accept as adequate to support a conclusion," and builds a "logical bridge from the evidence to [her] conclusion," she satisfies her articulation requirement. *Clifford*, 227 F.3d at 869, 872 . In this case, the ALJ identified evidence sufficient to support her finding of inconsistency. As the ALJ notes, Dr. Rao opined that Greer "was able to lift, carry, and handle" light

9

objects, but then "restrict[ed] her to moderate limitations in lifting and carrying." (R. 19). Dr. Rao also found that Greer was "socially disabled" despite noting that she had "appropriate mood, speech, and eye contact" and despite record evidence that she worked in a role requiring "constant interaction with others." (*Id.*) This evidence is sufficient foundation for "a logical bridge" to the ALJ's conclusion that Dr. Rao's opinion was inconsistent. While remand is required because the ALJ failed to develop a full and fair record, the Court finds that the ALJ appropriately articulated the consistency and supportability factors when determining the persuasiveness of Dr. Rao's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's Decision is **REVERSED** and **REMANDED** for further consideration as set forth in this Order.

SO ORDERED on September 15, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT